UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GREGORY FOLEY,
CDCR #AV-1283,

                                    Plaintiff,

        vs.

LACEY MARTZ, Public Defender;
OFFICE OF THE PUBLIC DEFENDER,

                                    Defendants.

Case No.: 3:18-cv-02001-CAB-AGS

**ORDER:**

**1) GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS**
**[ECF No. 4]**

**AND**

**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**

        Gregory Foley ("Plaintiff"), currently incarcerated at Avenal State Prison ("AVP") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 27, 2018. (*See* Compl., ECF No. 1.) Plaintiff seeks damages against the public defender appointed to represent him during his criminal trial and the Office of the Public Defender itself, based on claims that they violated his 4th, 5th, 6th and 14th Amendment rights. (*Id*. at 2, 8-9.) Because he has since filed a properly supported renewed Motion to

Proceed *In Forma Pauperis* ("*IFP*") (ECF No. 4), the Court grants Plaintiff leave to proceed *IFP*, but sua sponte dismisses his Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

## I.    Procedural History

At the time he filed his Complaint, Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (a civil action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)).

On October 19, 2018, the Court denied Plaintiff's initial Motion to Proceed *IFP* because he failed to attach a certified copy of his prison trust account statement. (*See* ECF No. 3.) Nevertheless, the Court also granted Plaintiff forty-five days leave in which to complete and file a properly supported *IFP* Motion, and the Clerk of Court provided him with a form for doing so. (*Id.* at 3-4.)

On November 23, 2018, Plaintiff filed a renewed Motion to Proceed *IFP*, together with the accounting which was missing from his original Motion (ECF No. 4).

## II.    Renewed Motion to Proceed *In Forma Pauperis*

As Plaintiff now knows, to institute a civil action, he must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed *IFP*, Plaintiff

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, ___ U.S. ___, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed *IFP* to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (hereafter *"King"*). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his renewed *IFP* Motion, Plaintiff has submitted a certified Prison Certificate issued by an accounting specialist at AVP, together with copies of his CDCR Inmate Statement Report, both attesting as to his trust account activity and balances for the 6-month period preceding the filing of his Complaint. *See* ECF No. 4 at 4, 7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff carried no average monthly balance, deposited no money to his account over the 6-month period immediately preceding the filing of his Complaint, and had an available balance of zero at the time of filing.

Based on this financial information, the Court **GRANTS** Plaintiff's Renewed Motion to Proceed *IFP* (ECF No. 4), and assesses no initial partial filing pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal

judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's *IFP* case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). However, the Court will direct the Acting Secretary of the CDCR, or his designee, to collect the full balance of the $350 total fee owed in this case and forward installments to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**III.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

  A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding *IFP*, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's *IFP* complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.    <u>Plaintiff's Allegations</u>

Plaintiff claims Lacey Martz, the Deputy Public Defender who represented him during San Diego County Superior Court criminal proceedings, committed "legal malpractice" and thereby violated his 4th, 5th, 6th, and 14th Amendment rights. (*See* Compl., ECF No. 1 at 2, 8, 17-19.) Specifically, Plaintiff alleges Martz failed to properly challenge and/or cross-examine prosecution witnesses, object to inadmissible testimony, "diligently investigate the evidence and interview witnesses," present a proper defense, or "return documents to her client, which … [he] needed for litigation in other matters." (*See* Compl., ECF No. 1 at 2, 8-9, 12-15.) Plaintiff further contends the Office of the Public Defender, "failed to supervise and train" Martz, and "allowed the acts without correction." (*Id.* at 2, 19, 22.) He states he "is not seeking to invalidate his conviction," but only demanding unspecified amounts of general and punitive damages "for both mental and emotional distress." (*Id.* at 23.)

C.    <u>42 U.S.C. § 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

*///*

1        D.      "Under Color" Requirement

2        First, to the extent Plaintiff names both the Deputy San Diego County Public

3    Defender who represented him, Lacey Martz, and the "Office of the Public Defender"

4    itself as Defendants, *see* Compl., ECF No. 1 at 1-2, he fails to state a claim upon which

5    § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

6    "[A] public defender does not act under color of state law when performing a lawyer's

7    traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v.*

8    *Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468

9    (9th Cir. 2003) ("[The public defender] was, no doubt, paid by government funds and

10   hired by a government agency. Nevertheless, [her] function was to represent [her] client,

11   not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir.

12   2009) (affirming district court's sua sponte dismissal of prisoner's § 1983 claims against

13   appointed counsel).

14       E.      Criminal Proceedings – *Heck's* "Favorable Termination" Requirement

15       Second, there are two methods for state prisoners to raise complaints related to

16   their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004)

17   ("Federal law opens two main avenues to relief on complaints related to

18   imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general,

19   claims of constitutional violations related to the "circumstances" of a prisoner's

20   confinement must be brought in a civil rights action under Section 1983, *see id.*, while

21   constitutional challenges to the validity or duration of a prisoner's confinement must be

22   raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through

23   appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and

24   internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016)

25   (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims

26   brought by state prisoners that fall within the core of habeas, and such claims may not be

27   brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82).

28   ///

6

Thus, to the extent Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated due to his public defender's "legal malpractice," *see* Compl., ECF No. 1 at 2, 8-19, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on alleged violations of his 4th, 5th, 6th and 14th Amendment rights in San Diego Superior Court Case No. SCN323137, he may not proceed pursuant to § 1983, unless he alleges and can show that conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no

7

cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. This is because an award of damages in his favor would necessarily imply the invalidity of his conviction and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release … or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus."); *Toney v. Ruiz*, No. 3:10-CV-00405 BTM (PCL), 2010 WL 2383787, at *2 (S.D. Cal. June 9, 2010) (noting that "ineffective assistance of counsel claims 'necessarily imply the invalidity' of criminal proceedings.") (citing *Heck*, 512 U.S. at 487; *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different)).

Because Plaintiff does *not* allege to have already invalidated his conviction in San Diego County Criminal Case No. SCN323137, the case which forms the basis of this § 1983 suit by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his Complaint must be dismissed sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Phillipi v. Does*, No. CIV. 11-2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (sua sponte dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that … the sentence currently being served is unconstitutionally long.") (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486–87; *Preiser*, 411 U.S. at 500); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### F.    Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could somehow allege facts to show Defendants acted "under color of state law," his claims for damages under § 1983 could not yet proceed because his past efforts at invalidating his conviction in San Diego Superior Court Case No. SCN323137 both by way of direct appeal, and through a federal writ of habeas corpus, have been unavailing. *Heck*, 512 U.S. at 486-87.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice of Plaintiff's direct appeal in *People v. Foley*, No. D066567, 2015 WL 4751210, at *1 (Cal. Ct. App. Aug. 12, 2015) (unpub.), in which his conviction in San Diego County Criminal Case No. SCN323137 was affirmed on sufficiency of the evidence grounds. *Id.*., slip op. at 6. In addition, the Court further takes notice of its own records in *Foley v. Kernan*, S. D. Cal. Civil Case No. 3:16-cv-00408-JLS-BGS, in which Plaintiff's subsequent federal habeas corpus petition seeking to challenge the constitutional validity of his criminal conviction in San Diego Superior Court Case No. SCN323137 on various constitutional grounds, including claims of

ineffective assistance of trial counsel, was dismissed pursuant to 28 U.S.C. § 2254. *See id.,* ECF Nos. 1, 9, 37, 52; *Foley v. Kernan,* No. 16CV0408-JLS (BGS), 2017 WL 3840343, at *23 (S.D. Cal. Sept. 1, 2017), *report and recommendation adopted*, 2018 WL 3426209 (S.D. Cal. July 16, 2018).

Therefore, because both Plaintiff's state direct appeal and federal collateral proceedings reveal he cannot amend his Complaint to allege the additional facts required to show the underlying conviction which forms the basis of his § 1983 claims in this case has already been invalidated, the Court denies leave to amend as futile. *See Lopez*, 203 F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

## IV.    Conclusion and Orders

For the reasons discussed, the Court:

1)    **GRANTS** Plaintiff's Renewed Motion to Proceed *IFP* (ECF No. 4);

2)    **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4)    **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) without prejudice, but without leave to amend;[2]

---

[2] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if

5)     **CERTIFIES** that an *IFP* appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

6)     **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: February 21, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

he ever succeeds in invalidating his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-FMO(E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. CV 17-4615-FMO(E), 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).